Dear Mr. Bernard:
This office is in receipt of your request for an opinion regarding the applicability of La.R.S. 17:221 to minors who have been emancipated notarially, judicially, or by marriage. Specifically, your inquiry concerns the responsibility of students under the mandatory attendance requirements found in the Compulsory Attendance Law.
The Compulsory Attendance Law is found at La.R.S. 17:221. La.R.S.17:221(A)(1) states as follows:
 Every parent, tutor, or other person residing within the state of Louisiana, having control or charge of any child from that child's seventh birthday until his eighteenth birthday, shall send such child to a public or private day school, unless the child graduates from high school prior to his eighteenth birthday. Any child below the age of seven who legally enrolls in school shall also be subject to the provisions of this Subpart. Every parent, tutor, or other person responsible for sending a child to public or private day school under provisions of this Subpart shall also assure the attendance of such child in regularly assigned classes during regular school hours established by the school board.
This provision of the law compels parents, tutor or other person, having charge of a child from age seven to eighteen, to send the child to school. The law however, fails to specifically address minors who have been emancipated, either notarially, judicially, or by marriage.
 Judicial and Notarial Emancipation
Generally, the law is such that a child remains under the authority of his father and mother until his majority or emancipation. La.C.C. Art.216. A child or a minor may be emancipated by the following procedures: (1) by notarial act by his parent(s) once he reaches the age of fifteen, (2) by judicial decree, or (3) by marriage. La. Atty. Gen. Op. No. 92-699 specifically addresses the forms of emancipation and how each are treated in law. This office opined that there are two forms of emancipation, limited and full. Limited emancipation gives the emancipated minor the power of administration, but limits his contractual ability; whereas, full emancipation gives the emancipated minor all rights of someone of the age of majority. La. Atty. Gen. Op. No. 92-699. Emancipation by notarial act is a limited emancipation in that it does not confer upon the minor the full privileges and responsibilities of someone of the age of majority. Their contractual capacity is limited by law. Emancipation by judicial decree is full emancipation and it relieves the emancipated minor of all the disabilities which attach to minority status. When a minor has been notarially or judicially emancipated, he has no "parent, tutor or other person" who has charge over him. Therefore, La.R.S. 17:221 would not apply because there is no method or procedure provided in law by which their attendance can be compelled.
 Emancipation by marriage
This office has previously issued an opinion with respect to this part of your inquiry. La. Atty. Gen. Op. No. 1946-48 has been enclosed for your convenience. This opinion states that minors under sixteen (16) years of age, whether male or female, are emancipated from parental authority by marriage. Hence, the Compulsory School Attendance Act cannot be used to compel attendance of minors who have been emancipated.
It is our hope this opinion sufficiently addresses your concerns. If this office can be of any further assistance please let us know.
Very truly yours,
RICHARD P. IEYOUB
 ATTORNEY GENERAL
 By:_______________________________ Veronica L. Howard Assistant Attorney General
RPI:VLH:lrs
 Schools and School Districts "* * * The parish school boards shall have authority to appoint such assistant superintendents, supervisors, stenographers, and bookkeepers as may be necessary, and such attendance officers, medical directors, and such other appointees as may be necessary for the proper and efficient conduct of the schools, * * * and fix their salaries and prescribe their duties."
It is well to keep in mind the constitutional mandate, as provided in Article XII, Section 15, that all revenue for the special maintenance of public schools be placed into one fund and that "such revenues shall be dedicated and used exclusively, to pay the cost of the current operation of public elementary and secondary schools within the parish and under the control of the parish school board, as provided for by the laws of the State."
To justify an expenditure of funds for employment of "school-crossing watchmen" there should be express legislative authority, or in the absence of such authority, such employment should be justified as "necessary for the proper and efficient conduct of the schools." The writer has been unable to find any legislation on this situation. Therefore, the School Board before hiring any employee of this nature should determine that the traffic on a particular highway or street crossing is such as to endanger the safety of the school children necessitating the aid of a watchman to assist the children at such crossing.
Needless to say that the aid and assistance of the regularly constituted police authorities, such as the city police department, the sheriff of the parish and the State Police Department should be enlisted to aid in the solution of such dangerous crossings and only in the absence of this inability to eliminate the danger or to furnish the needed protection should recourse be had to the employment as mentioned. It must be kept in mind that school funds should be exclusively devoted to strictly educational purposes.
This Department has repeatedly expressed the view that the control of funds and likewise the employment should be retained by the school board.
J. CLYDE PERACE.
Minor under sixteen years of age, whether male or female, is emancipated by marriage, at least from parental authority, the compulsory school attendance Act. No. 239 of 1944 can not be used to compel attendance of such minors in school.
January 6, 1947.
Honorable Luke H. Richard, Superintendent, Jefferson Davis Parish School Board, Jennings, Louisiana.
Your letter of January 3, addressed to the Attorney General, requesting an opinion as to whether or not a married person under the age of sixteen years may be compelled to attend school, has been referred to the writer for attention.
The compulsory school attendance law, Act No. 239 of 1944, contains no specific exemption to persons under sixteen years of age who are married. The Act, however, is not directed at the individual who should be in school but upon the parent, guardian or other person having control or charge of any child or children between the ages of seven and fifteen, that is, from the seventh to the sixteenth birthday. The only penalty provided by the Act is upon such a person who does not require the child or children under his control to attend school.
Article 379 of the Revised Civil Code provides as follows:
 "The minor, whether male or female, is emancipated of right by marriage."
Article 216 of the Revised Civil Code with reference to paternal authority provides as follows:
 "A child remains under the authority of his father and mother until his majority or emancipation.
In case of difference between the parents, the authority of the father prevails."
While there has been some jurisprudence in this State to the effect that a child under the age of eighten marrying without the consent of his parents, is not emancipated, the better rule seems to be that marriage does result in the emancipation of the minor whether male or female, and of course emancipation relieves the child of parental authority. As a matter of fact under the present law, Revised Civil Code 92, no license to marry can be legally issued to any person under the age of sixteen years except with the consent of the parent or guardian and by order of Court.
Since it is our opinion that the marriage of minors under the age of sixteen results in their emancipation, it follows that there is no person having charge or control over them and that even if they be considered as children within the meaning of the compulsory attendance law, there is nevertheless no method or procedure by which their attendance in school can be compelled.
ROBERT R. REID.